# UNION BANK OF LOUISIANA v. KING.

Proof that the notary, by whom a note was protested, enquired of the cashier of the bank in which it was payable, and who was the holder of the note as agent, for the residence of the endorser, is not evidence of due diligence, and will not excuse the omission to address a notice of protest, deposited in the post-office, to the domicil or place of business of the latter. When the domicil or place of business of an endorser is unknown, the holder must make reasonable enquiries, and use due diligence, to ascertain them.

APPEAL from the District Court of Caldwell, *Mayo*, J. *Phelps*, for the appellants. *McGuire* and *Ray*, for the defendant. The judgment of the court was pronounced by

UNION BANK
*v.*
KING.

SLIDELL, J. The defendant is sued upon two promissory notes of which he is endorser. They are both dated at Catahoula, and are payable at the office of the bank at Avoyelles. They matured in April, 1837. The notary who protested the notes certifies that he deposited the notices for *King* in the Avoyelles post-office, addressed to him at Harrisonburg, which was the post-town of the parish of Catahoula. The notary makes no mention in his certificates of any efforts to ascertain the residence, or address of the defendant. The cashier of the branch of the Union Bank at Avoyelles testifies, that the notary enquired of him as to the residence of the endorser, but that he does not recollect that he made enquiry of any one else in his presence; that he replied to the notary that he did not know where *King* was domiciled, and advised him to direct the notices to Catahoula, as being the place to which, judging from the face of the notes, the notices ought to be directed, when the domicil or nearest post-office could not be ascertained. This is the sole testimony tending to show diligence in ascertaining the endorser's residence. For the defence it is proved that *King* once lived in Catahoula, but removed, in the year 1834, to the parish of Caldwell, (formerly Ouachita,) where he has ever since resided; that he had been a merchant at Harrisonburg; that his removal thence to Ouachita, was a matter of notoriety; that he was a person generally known throughout the country; that his residence in Caldwell was about forty miles from Harrisonburg; that there has been a post-office in Caldwell, distant about a mile from *King's* residence, since the year 1827; and that *King*, ever since he came to reside in Caldwell, has applied regularly at that office for his letters and papers, to which place they came addressed.

The endorser is entitled to notice at his domicil, or his place of business, when the right to notice accrues. When such domicil, or place of business, is unknown, it is the duty of the endorser to make reasonable enquiries, and to use due diligence in ascertaining them. Such notice is only dispensed with when, after such reasonable enquiries and due diligence, the domicil or place of business cannot be ascertained. Due diligence has not been shown in the present case. The only person to whom application was made was the cashier, himself the holder as agent. It would be unreasonable to characterise this as due diligence; nor can we suppose, under the evidence, that further enquiry at the place of protest would have proved unsuccessful. This *laches* justifies the judgment for the defendant.

We have been asked at least to reverse the final judgment for the defendant, and grant a non-suit. We have occasionally done so, under circumstances which appeared to call for the exercise of that discretion: but we do not think the present case of that character. This suit was instituted in 1841, and was pending five years before it was finally tried. If evidence existed which would have sustained the plaintiffs' case, there was abundant time to have obtained it.

*Judgment affirmed.*